HELENA B. LA RUE, ADMINISTRATOR, &c., RESPONDENT,
v. CLYDE POTTS, APPELLANT.

Submitted December 6, 1917—Decided March 4, 1918.

Plaintiff's decedent and others were members of a municipal body
which contemplated the installation of a sewage disposal plant.
Defendant, a civil engineer employed by them to plan and
supervise the work, invited them, as claimed, to examine plants
in actual operation, and while deceased and another were inside
a "septic tank" an explosion occurred inflicting fatal injuries on
deceased. In an action to recover of defendant damages for
his death, it was a jury question whether the other person inside
the tank had lighted a match in disregard of a warning not to do
so which defendant heard given to him a few minutes previously
by another engineer. *Held,* that defendant was entitled to an
instruction that on this theory of the case the act of the other
person was the proximate cause of the death of plaintiff's
intestate.

On appeal from the Somerset County Circuit Court.

For the appellant, *Frank S. Katzenbach, Jr.*

For the respondent, *William C. Gebhardt.*

The opinion of the court was delivered by

PARKER, J. The plaintiff's intestate died as the result of
burns inflicted by exploding gas in a septic tank of a sewage
disposal plant, into which, as the jury could find, and evi-
dently did find, he was invited by the defendant to go, to in-
spect its working. The defendant's alleged negligence was
predicated in the complaint on his invitation to deceased to
enter the tank, defendant's alleged knowledge that it was
dangerous, on account of the possibility of explosion, to go
into the tank without allowing time for the gas to escape
through the manhole, and failure to warn deceased of the
danger.

The invitation was denied, but the testimony left that a
question for the jury.

The giving of warning was also a question for the jury.

On the plaintiff's case there was no proof as to how the gas was caused to explode. It was stipulated as a fact that it would not explode unless brought into contact with flame at a temperature of at least one thousand three hundred and forty-six degrees. Defendant undertook to explain the explosion by evidence that one of the party, named Stryker, was a smoker, and that after the catastrophe a match box, a burnt match and a cigar stump were found in the tank, which was a chamber underground or roofed over, entered from above by a ladder leading through a manhole.

In this state of the proof, we think the motions to nonsuit and to direct the verdict were rightly denied. If Potts invited the party into a place subject to danger, it was his duty to use reasonable care for their safety; and if with knowledge that there was inflammable gas within an enclosed place none too savory, and with the common knowledge that men are likely to smoke when opportunity is afforded, he failed to warn them of the dangers of a lighted match or smouldering cigar, the jury might properly say that reasonable care had not been exercised. The jury found for the plaintiff, necessarily on this theory.

We find no error in the conduct of the trial except in the court's refusal to charge a request bearing on the question of proximate cause of the explosion. The court was requested by the defendant, and refused, to charge as follows:

"If the explosion of the gas in the sewage disposal tank at Ocean Grove was caused by the striking of match by Stryker, and Stryker knew of the danger of striking a match, but LaRue did not, then the act of said Stryker in striking said match was the proximate cause of the death of said LaRue, and a verdict should be rendered for the defendant."

To this the defendant was entitled. It was based on a clearly tenable theory of causation supported by the evidence. So far as the striking of the match was concerned, it was based on the theory to which the testimony seemed to point. As to Stryker's knowledge, there was testimony that he was one of a group of men in the inspecting party who had been warned by a Mr. Bowen, an engineer, not to make any lights

in the tank. If this testimony was believed, the situation was that of a responsible agent other than defendant, causing the explosion by his own negligent act. Defendant testified that he heard Bowen say this in Stryker's hearing. If so, he was entitled to assume that Stryker would heed the warning and · not disregard it; and we fail to see how he could have prevented Stryker from disregarding it short of some such action as searching his pockets for matches, or keeping him out of the tank altogether—something quite inconsistent with the purpose of being there, for the party consisted of members of the common council of South Bound Brook, which was considering the installation of a sewage disposal system, and these councilmen had gone, first to Belmar, and then to Ocean Grove, to see the workings of similar systems and were examining that at the latter place when the explosion occurred.

On the theory of the facts assumed above, the question is whether the death of LaRue resulted from the assumed failure of defendant to warn LaRue of the danger of going into a place where someone else, notwithstanding a warning given to him, would strike a match; or directly from the unauthorized and independent act of a third person intervening between the failure to warn LaRue and his injury. *Cuff* v. *Newark· and New York Railroad Co.,* 35 *N. J. L.* 17, 33; *affirmed, Id.* 574. This question, in our estimation, admits of but one answer, *i. e.,* that the explosion resulted from the independent and unauthorized act of Stryker and which LaRue was in no way bound to anticipate or provide against further than to see that Stryker had warning of the danger.

The judgment will be reversed that a *venire de novo* issue.

*For affirmance*—GARRISON, BERGEN, MINTURN, KALISCH, JJ.  4.

*For reversal*—THE CHANCELLOR, SWAYZE, ·TRENCHARD, PARKER, BLACK, WHITE, HEPPENHEIMER, WILLIAMS; TAYLOR, GARDNER, JJ.  10.